JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB -9 1990

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 823

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE FIDATA TRUST COMPANY NEW YORK COLLECTION LITIGATION

TRANSFER ORDER*

This litigation consists of the fourteen actions listed on the attached Schedule A and pending in thirteen districts as follows:

| District | Actions |
|---|---|
| Eastern District of Michigan | 2 actions |
| Middle District of Alabama | 1 action |
| Eastern District of Arkansas | 1 action |
| Central District of California | 1 action |
| District of Hawaii | 1 action |
| Northern District of Illinois | 1 action |
| Western District of Louisiana | 1 action |
| District of Minnesota | 1 action |
| Northern District of Ohio | 1 action |
| Northern District of Oklahoma | 1 action |
| Western District of Pennsylvania | 1 action |
| Eastern District of Texas | 1 action |
| Western District of Texas | 1 action |

Before the Panel is a motion brought pursuant to 28 U.S.C. §1407 by Fidata Trust Company New York (Fidata), the plaintiff in each action, seeking transfer of the actions to the Southern District of New York for coordinated or consolidated pretrial proceedings. The defendants in thirteen of the fourteen actions oppose transfer.

On the basis of the papers filed and the hearing held, the Panel finds that transfer of all actions to the Western District of Washington will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Each action, brought against a different defendant, involves a claim for repayment of the defendant's share of two certificates of deposit totaling $1.5 million for which Fidata's predecessor in interest served as depository. In particular, Fidata alleges that i) it erroneously repaid each defendant $100,000 in principal plus accrued interest, and ii) four years later, when Fidata discovered that its predecessor had not been paid by the issuer of the certificates of deposit, the defendant refused to return the money. All actions thus share common questions concerning the purchase of the certificates of deposit, the circumstances surrounding the repayment to defendants, and the events leading to Fidata's discovery of its inadvertent repayment. Centralization under Section 1407 is desirable in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

\* Judge Robert H. Schnacke took no part in the decision of this matter.

Various opponents to transfer have argued that these actions will focus on unique matters, that voluntary cooperation is a suitable alternative to transfer, or that transfer will be economically burdensome. We find these arguments unpersuasive. We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, In re Joseph F. Smith Patent Litigation, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some actions can be remanded in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand appropriate, procedures are available whereby this may be accomplished with a minimum of delay. See Rule 14, R.P.J.P.M.L., 120 F.R.D. 251, 259-61 (1988). Finally, we note that since Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. See, e.g., Fed.R.Civ.P. 45(d)(2). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district. See Manual for Complex Litigation, Second, §20.22 (1985). And it is most logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned. See In re Nissan Motor Corporation Antitrust Litigation, 385 F.Supp. 1253, 1255 (J.P.M.L. 1974).

In urging the Panel to designate the Southern District of New York as transferee forum for this litigation, even though no constituent action is pending there, Fidata argues convincingly that none of the districts in which MDL-823 actions are pending serves as a nexus for this litigation. While some records and witnesses are likely to be found in the New York area because that is where Fidata's predecessor in interest and the now-defunct entity that brokered the participations in the certificates of deposit were located, we are not persuaded that it is the most appropriate transferee forum. We choose the Western District of Washington as transferee forum because of the pendency there since December, 1988, of Fidata Trust Company New York, et al. v. Community First Federal Savings & Loan, et al., C.A. No. C88-633TB. That action (overlooked by Fidata in its present Section 1407 motion) is brought by Fidata against the issuer of the MDL-823 certificates of deposit, seeks recovery of the very monies sought in the MDL-823 actions, and involves many of the same issues and allegations as those in the MDL-823 actions. Transfer to that

district will thus allow the MDL-823 parties to take advantage of already completed discovery and to benefit from the familiarity that the Washington court has already developed with the issues in this docket.[1/]

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A be, and the same hereby are, transferred to the Western District of Washington and, with the consent of that court, assigned to the Honorable Robert J. Bryan for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

*Andrew A. Caffrey*

Andrew A. Caffrey
Chairman

---

[1/] We leave to the transferee court the determination concerning the proper degree of coordination between the Washington action and the MDL-823 actions.

SCHEDULE A

MDL-823 -- In re Fidata Trust Company New York Collection Litigation

### Middle District of Alabama

Fidata Trust Company New York v. MAX Federal Credit Union, C.A. No. 89-D-899-N

### Eastern District of Arkansas

Fidata Trust Company New York v. Benton Savings & Loan, C.A. No. LR-C-89-805

### Central District of California

Fidata Trust Company New York v. Trans National Bank, C.A. No. CV-89-5470-ER (Bx)

### District of Hawaii

Fidata Trust Company New York v. Oahu Educational Employees Federal Credit Union, C.A. No. 89-00708-DAE

### Northern District of Illinois

Fidata Trust Company New York v. CCOM Ed. R & D Restricted Fund, C.A. No. 89-C-6528

### Western District of Louisiana

Fidata Trust Company New York v. Forest Kraft Federal Credit Union, C.A. No. CV-89-2040

### Eastern District of Michigan

Fidata Trust Company New York v. City of Flint, C.A. No. 89-CV-40252-FL

Fidata Trust Company New York v. City of Dearborn, C.A. No. 89-CV-72667-DT

### District of Minnesota

Fidata Trust Company New York v. Proctor Federal Credit Union, C.A. No. Civ. 5-89-168

### Northern District of Ohio

Fidata Trust Company New York v. Columbia Chemical Federal Credit Union, C.A. No. 5-89-CV-1850

MDL-823 Cont'd

### Northern District of Oklahoma

<u>Fidata Trust Company New York v. Amerada Federal Credit Union</u>, C.A. No. 89-C-709-E

### Western District of Pennsylvania

<u>Fidata Trust Company New York v. First Federal Savings & Loan of New Castle</u>, C.A. No. 89-1839

### Eastern District of Texas

<u>Fidata Trust Company New York v. Gulf Employees Credit Union</u>, C.A. No. B-89-0732-CA

### Western District of Texas

<u>Fidata Trust Company New York v. El Paso Federal Credit Union</u>, C.A. No. EP-89-CA-279